IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David A. Diehl, | No. CV-12-788-TUC-JGZ-DTF |
| Petitioner, | **REPORT & RECOMMENDATION** |
| vs. | |
| Louis W. Winn, Jr., Warden, | |
| Respondent. | |

Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. Petitioner, David A. Diehl, who is currently confined at the United States Penitentiary in Tucson, AZ ("USP Tucson"), alleges that the Bureau of Prisons ("BOP") violated his due process rights during a disciplinary hearing. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for a Report and Recommendation. Before the Court are the Petition (Doc. 1), Respondent's Answer and Motion to Dismiss (Doc. 10), Petitioner's Motion to Deny Motion to Dismiss and Response to Motion to Dismiss (Docs. 11, 13), and the parties' court-ordered supplemental briefs (Docs. 15, 20). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the petition.

**BACKGROUND**

Petitioner is serving a 600-month sentence for his 2011 conviction on ten counts of Sexual Exploitation of a Child/Production of Child Pornography. (Doc. 10, Ex. 1 at 2.) BOP

projects his release date as January 7, 2054, with all available good time credits. (*Id*., Ex. 1, Attach. 1 at 1.)

Petitioner has a minor son, who resides with his mother. (Doc. 11 at 2.) On July 29, 2011, prior to Petitioner's incarceration, a Texas state court issued a custody order specifying that Petitioner was to have telephonic communication privileges with his son on certain days of the month. (Doc. 15, Ex. 1, Attach. 5 at 6.) Petitioner alleges he has been unable to call his son since December of 2011. (Doc. 1, Ex. 3 at 1.)

On August 8, 2012, Petitioner was informed that he would be the subject of a disciplinary hearing concerning telephone calls he had placed to his son in 2011, outside of the dates specified in his custody agreement. (Doc. 15, Ex. 1, Attach. 2.) The initial disciplinary hearing was conducted on September 7, 2012, and Petitioner was found guilty of Phone Abuse (Criminal), Code 197. (*Id*., Attach. 1 at 1-4.) Petitioner was fined $100, denied telephone privileges for two years, given 60 days of disciplinary segregation, and had his good conduct time disallowed and forfeited at 41 and 40 days, respectively. (*Id*. at 5.) Petitioner appealed the decision of the Discipline Hearing Officer ("DHO") to the Regional Director on September 12, 2012.

While he was waiting for the Regional Director's decision, Petitioner filed the instant Petition raising four claims all based on denial of communication with his son. (Doc. 1, Ex. 7.) On November 27, 2012, after a 30-day extension, the Regional Director responded by referring the matter back to the DHO for reconsideration. (Doc. 10, Ex. 1 at 4.) Petitioner was advised that he could appeal the Regional Director's response to the General Counsel or wait for the outcome of the DHO reconsideration. (Doc. 15, Ex. 3.) Petitioner contends he appealed to the General Counsel but that his appeal was never entered into the system. (Doc. 11 at 5; Doc. 20 at 1.) As proof of his claim, he references a certified handwritten letter dated November 2, 2012, and marked as received by Central on December 10, 2012. (Doc. 20 at 1 & Exs. 1, 2.) However, 28 C.F.R. § 542.15 specifies that appeals to the General Counsel must be made on a form BP-

11. Furthermore, Petitioner's letter did not purport to be an appeal from the Regional Director's decision or a replacement for a BP-11 (Doc. 20, Ex. 1), nor did Petitioner attach or reference the decision of the Regional Director as required.[1] *See* 28 C.F.R. § 542.15.

On December 12, 2012, this Court reviewed the Petition and dismissed all but one of Petitioner's claims. The Court advised Petitioner that a habeas petition was not the proper forum to challenge conditions of confinement; therefore, his three claims alleging that BOP was unconstitutionally interfering in his communication with his son were not cognizable in this proceeding. (Doc. 6 at 3.) The claim remaining before the Court alleges Petitioner was unconstitutionally sanctioned with a loss of good time credits resulting from the September 7, 2012 disciplinary hearing. (*Id.*) In a subsequent order, the Court requested supplemental briefing on the status of Petitioner's ongoing administrative remedy process. (Doc. 14 at 2-3.)

The DHO reconsideration took place on March 13, 2013. (Doc. 15, Ex. 1, Attach. 1 at 5.) The DHO reduced the charge to a Code 299, Conduct that Disrupts or Interferes with the Security or Orderly Running of the Institution, and also reduced the number of good time credits disallowed and forfeited from the Petitioner to 27 and 20 days, respectively. (*Id.*) Petitioner's appeal of the DHO's reconsidered decision was received by the Regional Director on June 3, 2013. (*Id.*, Attach. 9 at 11.) Absent an extension, the Regional Director's response was due July 3, 2013. (*Id.*) Following the Regional Director's response, Petitioner has one final avenue of appeal to the General Counsel. *See* 28 C.F.R. § 542.15.

## ANALYSIS

Typically, the Court requires an inmate to exhaust all available administrative remedies before it agrees to reach the merits of a 28 U.S.C. §2241 claim. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). The administrative exhaustion requirement protects an administrative agency's authority by promoting respect for the agency's procedures and by affording it the

---

[1]In fact, Petitioner wrote the handwritten letter to Central on November 2, 2012, several weeks before he received the Regional Director's response.

- 3 -

opportunity to correct its own mistakes before being haled into court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). The requirement also promotes efficiency by advocating a process that is quicker and more economical than resolution in federal court. *Id.* Finally, should the matter ultimately reach the court, the exhaustion requirement facilitates the "preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

To dispute a decision made by the DHO, an inmate has two avenues of appeal. First the inmate may submit a BP-10 appeal form to the Regional Director within 20 days from the DHO decision. *See* 28 C.F.R. §§ 542.14(d)(2), 542.15(a). Then, if unsatisfied with the Regional Director's response, the inmate may submit a BP-11 appeal form to the General Counsel within 30 days of the Regional Director's decision. *See* 28 C.F.R. § 542.15(a). That is the final administrative appeal from a DHO decision. *Id.*

Petitioner argues that he has "made every effort to exhaust." (Doc. 11 at 2.) The Court disagrees. Petitioner failed to file a valid BP-11 form to Central disputing the decision of the Regional Director regarding the first DHO hearing. Further, Petitioner's appeal to the Regional Director regarding the DHO reconsideration is pending (Doc. 15, Ex. 1 at 2) and, should he disagree with that decision, Petitioner has the option of appealing the matter to the General Counsel. *See* 28 C.F.R. § 542.15.

Petitioner further argues that "USP Tucson in bad faith has at every step used the remedy process to delay and frustrate legitimate resolution," and that therefore "in the interest of fairness and justice" an exception should be made to the exhaustion requirement. (Doc. 11 at 1-2.) As Petitioner notes, a court may, at its discretion, waive the requirement when exhaustion would be futile, inadequate or the pursuit of administrative remedies would cause irreparable harm. *See Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004). However, none of the exceptions to the exhaustion requirement apply here. Thus far Petitioner's participation in the grievance process has been neither futile nor inadequate. In fact, in response to his regional appeal dated September 12, 2012, Petitioner was awarded a second hearing at which his sanctions were

reduced. (Doc. 15, Ex. 1, Attach. 1 at 5.) Additionally, exhaustion will not cause Petitioner irreparable harm with respect to the loss of good time credits[2] considering that Petitioner is at the beginning of a 600-month sentence.

Finally, to reach a decision on the merits would involve review of the DHO reconsideration hearing. However, Petitioner's claims with respect to the reconsideration hearing are not properly before the Court because the Petition, composed before the reconsideration hearing took place, does not address them.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court DISMISS the Petition for Writ of Habeas Corpus (Doc. 1).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. Any objections filed should be captioned with the following case number: **CV-12-788-TUC-JGZ**.

DATED this 17th day of July, 2013.



D. Thomas Ferraro
United States Magistrate Judge

---

[2] Petitioner states that his loss of telephone privileges is causing him irreparable harm with respect to his relationship with his family and his efforts to work on his direct appeal. (Doc. 11 at 2, 6.) Pursuant to the Court's December 12, 2012 Order, Petitioner's claims regarding the BOP impeding contact with his son were dismissed as not cognizable because they did not implicate the duration of his confinement. (Doc. 6.) The pending claim relates solely to the loss of good time credits resulting from the DHO's decision.